[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO OPEN, REARGUE AND MODIFYJUDGMENT DATED MARCH 17, 1998
Judgment in this matter was entered on March 4, 1998. Thereafter, the defendant filed a Motion to Open, Reargue and Modify the Judgment. Both parties were heard at length on this motion. The defendant's Motion to Open and Reargue is granted. The court has reconsidered and reexamined its decision and enters the following orders:
Exemption
In reviewing the FinPlan presented to the court at the time of the hearing on this Motion, it would appear that it is more equitable for the defendant wife to claim the four minor children as exemptions for tax purposes and it is so ordered.
PAYMENT
The parties agreed on the method of payment, as the plaintiff has a draw of $87,000 per year plus four quarterly payments for a total income of $145,000 for the year 1998. The parties agreed the defendant would receive 60% of her award on a monthly basis and 40% of her award quarterly to coincide with the plaintiff's draw of $87,000 per year and his quarterly payments of $58,000 per year.
This agreement of the parties is approved and entered as an order.
STEP DOWN
In retrospect, it is presumptuous of the court to order a step down of the unallocated award in 5 years without knowing the financial circumstances and needs of the parties at the time of the step down. It is hoped that the wife will complete her education and obtain gainful employment in her chosen field; it is also hoped that the husband's professional career will CT Page 5745 continue to grow and prosper. These matters are all of an unknown quality and a speculation into the future.
Therefore, on reflection, the court determines that it would be more equitable to leave it to the parties to file appropriate motions to modify the unallocated award as the circumstances warrant and when the circumstances occur.
It is ordered that the step down in unallocated alimony and child support or alimony, which was to commence January 1, 2004, is eliminated. The remainder of said paragraph remains in full force and effect.
COBRA
In reviewing the court's notes, it becomes apparent that the COBRA cost to the defendant will be $293 per month. This figure was overlooked by the court. In reviewing the financial affidavits of the parties and considering the financial distributions, it is not equitable for the defendant to bear the cost of this medical coverage. The defendant is not employed full time and is attending college.
Having reconsidered this matter, it is ordered that the defendant shall be entitled to the benefits of COBRA coverage as available through the plaintiff's employment. The expense for said coverage shall be the obligation of the plaintiff for the maximum time as allowed or until the defendant has medical coverage available to her through her employment, at a reasonable cost or the defendant obtains full time employment, whichever event shall first occur.
ALIMONY
The court makes no change in the award of unallocated alimony and child support or as alimony the sum of $51,480 per year.
However, in February 1999, upon motion, the court will take a second look or a further re-examination of the unallocated award.
COPPETO, J.